**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| Benigno Zamudio, Individually and on Behalf of Others Similarly Situated<br>Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-9 |
| Onward Inc., f/k/a Onward LLC and Autrey McVicker,<br>Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Autrey McVicker and his company Onward, Inc., f/k/a Onward LLC ("Onward") (jointly, "Defendants") have a business plan that includes paying certain non-exempt workers the same day rate for all days worked, without paying them proper overtime pay for the hours that they work over 40. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Benigno Zamudio ("Zamudio" or "Plaintiff") is one of the workers hired by Onward on a day-rate basis and not paid proper overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Zamudio worked for Onward as a consultant/HSE advisor from the fall of 2020 until October of 2022. Zamudio's duties included, but were not limited to, consulting with Onward's customers on offshore oil rigs regarding following proper safety practices.

2. During the time he worked for the Defendant, Zamudio regularly worked more than 40 hours per week.

3. Onward paid Zamudio on a day-rate basis, meaning that Zamudio was paid the same amount of money for each 12-hour day he worked, without proper overtime pay.

4. Zamudio worked with numerous other individuals who were paid on a day-rate basis. These individuals were also consultants/advisors who also regularly worked over 40 hours per week, and they were also not paid proper overtime pay for hours they worked over 40 per workweek.

**Allegations Regarding FLSA Coverage**

5. Defendant Onward is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Onward was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Onward regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Onward conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Onward's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

10. Onward was legally required to pay Zamudio and his similarly situated co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Onward over 40 in any workweek.

11. Zamudio worked over 40 hours in many workweeks that he worked for Onward.

12. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Onward.

13. Onward did not pay Zamudio time-and-a-half for all of the overtime hours that he worked for the Defendant.

14. Onward knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Zamudio and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA. Onward was previously sued for violating the FLSA's overtime provisions in C.A. 3:14-cv-350; Austin v. Onward, LLC; In the United States District Court for the Southern District of Texas, Galveston Division. Onward thus has full, personal, first-hand knowledge of the requirements of the FLSA and has knowledge that its method of payment of Zamudio and his co-workers was/is illegal.

15. McVickers is an owner of Onward. He has the power to and makes decisions regarding how Onward's workers are to be paid, and he decided to pay Zamudio and his co-

workers on an illegal basis despite the fact that he and Onward had previously been sued for the same violation of the law. McVickers acted as an employer toward Zamudio and is thus jointly and severally liable for Zamudio's unpaid overtime.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendants violated the FLSA by failing to pay Zamudio proper overtime pay for hours worked over 40 per workweek.

17. Zamudio has suffered damages as a direct result of Defendants' illegal actions.

18. Defendants are liable to Zamudio for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

19. Defendants' failure to pay their workers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying consultant/advisor workers on a day-rate basis and not paying them proper overtime pay. This generally applicable policy is prohibited by the FLSA. Plaintiff's experience is typical of the experiences of the Members of the Class.

20. The class of similarly situated Plaintiffs is properly defined as:

> **All individuals who are/were employed/engaged by and paid on a day-rate basis by Defendant Onward Inc., f/k/a Onward LLC as consultants or advisors during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

21. Defendant Onward Inc. is a Texas corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, Autrey P. McVicker at 66

Harbor Lane, Kemah, Texas 77565, or wherever he may be found.

22. Defendant Autrey McVicker is an individual who may be served with process at 66 Harbor Lane, Kemah, Texas 77565, or wherever he may be found.

23. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and Defendants reside within this District.

## **Demand for Jury**

24. Zamudio demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff Benigno Zamudio and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing consulting/advisory work who are/were employed/engaged by and paid on a day-rate basis by Onward, Inc. or Onward, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF BENIGNO ZAMUDIO**